UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE TYRELL ARMSTRONG,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>FIDENCIO GUZMAN, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 25-CV-1426 JLS (JLB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Presently before the Court is pro se Petitioner Archie Tyrell Armstrong's Petition for a Writ of Habeas Corpus ("Pet.," ECF No. 1), filed pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the Court dismisses the case without prejudice.

### FAILURE TO SATISFY THE FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed *in forma pauperis*. The Court cannot proceed until Petitioner has either paid the $5.00 filing fee or has qualified to proceed *in forma pauperis*. *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

### BASIS FOR PETITION

Petitioner, who is a California state prisoner, indicates that he is currently incarcerated due to a probation violation and "probation sentencing recall" arising from a San Diego Superior Court conviction in case number SCD297961 and he is challenging

1

the validity and lawfulness of his conviction and/or sentence as well as how his sentence is being carried out. Pet. at 1–2. Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, because he is a state prisoner attacking the validity of a state court judgment, he may not proceed under § 2241. Instead, any federal habeas challenge to Petitioner's current detention is properly brought under 28 U.S.C. § 2254. As the Ninth Circuit has explained:

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.

*White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (alteration in original) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (additional citations omitted)). If Petitioner seeks to challenge the constitutionality of his current detention, he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, not 28 U.S.C. § 2241.[1]

The Court cautions Petitioner that, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] To the extent Petitioner appears to indicate he seeks compensatory and punitive damages, *see* Pet. at 7, any such request falls outside the scope of federal habeas corpus. *See e.g.*, *Nelson v. Campbell*, 541 U.S. 637, 646 (2004) (noting that "damages are not an available habeas remedy"). In any event, the Court notes that Petitioner also recently filed a civil action pursuant to 42 U.S.C. § 1983, in which he seeks the same amount of both compensatory and punitive damages as in the instant Petition. *Compare* Pet. at 7, *with* ECF No. 1 at 5 in *Armstrong v. Doe, et al.*, No. 25-cv-1176-AJB-AHG (S.D. Cal. filed May 5, 2025).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## CONCLUSION

For the reasons discussed above, the Court **DISMISSES** the case **WITHOUT PREJUDICE**. If Petitioner wishes to challenge his conviction in San Diego Superior Court case number SCD297961, he must file a new Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, which will be given a new case number. The Court also advises Petitioner that upon filing his new 28 U.S.C. § 2254 petition, he must either pay the $5.00 filing fee or qualify to proceed in forma pauperis. *See* R. 3(a), Rules Governing Section 2254 Cases (2019). ***For Petitioner's convenience, the Clerk of Court is directed***

///

///

*to send Petitioner a blank* **in Forma Pauperis** *Application and a blank 28 U.S.C. § 2254 Habeas Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated: June 16, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge